**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CYNTHIA D'ABADIE**                                                                         **PLAINTIFF**

v.                                    **CASE NO. 4:18-CV-356-JM**

**PULASKI COUNTY SPECIAL**
**SCHOOL DISTRICT**                                                                          **DEFENDANT**

**ANSWER**

COMES NOW Pulaski County Special School District ("District"), by and through its attorneys, Bequette, Billingsley & Kees, P.A., and for its Answer to Plaintiff's Complaint states:

1. The District admits this Court has jurisdiction over this matter, but denies that Plaintiff is entitled to any relief.

2. The District admits the allegations contained in ¶ 2 of Plaintiff's Complaint.

3. The District admits the allegations contained in ¶ 3 of Plaintiff's Complaint.

4. The District admits that the current Superintendent of Schools is Charles McNulty and that at all times relevant hereto, the Superintendent of Schools was Dr. Jerry Guess. At that the time this Answer is being filed, Dr. Janice Warren is not the Interim Superintendent of Schools.

5. The District denies the allegations contained in ¶¶ 5 through 8 of Plaintiff's Complaint.

6. Exhibit A purports to be a true and accurate copy of the job description for Energy Manager. The District denies the allegations of ¶ 9 of Plaintiff's Complaint to the extent they are inconsistent with the Exhibit or purport to place any liability on the District.

7. The District denies the allegations contained in ¶¶ 10 and 11 of Plaintiff's Complaint.

8. The District denies the allegations contained in ¶ 12, including subsections (a) through (c), of Plaintiff's Complaint.

9. The District denies the allegations contained in ¶¶ 13 through 23 of Plaintiff's Complaint.

10. The District admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and that Exhibit C purports to be an accurate description of the Charge. The District denies that it is in any way liable to Plaintiff, including allegations in the Charge, and denies the remaining allegations contained in ¶ 24 of Plaintiff's Complaint.

11. The District denies the allegations contained in ¶ 25 of Plaintiff's Complaint.

12. The District admits Exhibit D purports to be a Notice of Right to Sue Letter from the EEOC, but denies the date on which Plaintiff received the Notice.

13. The District denies the allegations contained in ¶ 27 of Plaintiff's Complaint.

14. The District denies all allegations, averments, and prayers for relief in the WHEREFORE clause of Plaintiff's Complaint.

15. The District denies all allegations not specifically admitted herein.

16. The District reserves the right to amend its Answer and plead further.

17. The District demands trial by jury.

## AFFIRMATIVE DEFENSES

18. The District affirmatively states that Plaintiff's claims are barred by principles of statutory and governmental immunity.

19. The District affirmatively pleads Plaintiff has not taken appropriate steps to mitigate any alleged damage and therefore is not entitled to damages.

20. The District affirmatively pleads all defenses available to it pursuant to Fed. R. Civ. P. 12(b).

21. The District affirmatively pleads all defenses available to it pursuant to Fed. R. Civ. P. 8.

22. The District affirmatively states Plaintiff's claims for equitable relief are barred as a matter of law.

23. The District affirmatively pleads all actions taken by it with regard to Plaintiff were in good faith.

24. The District asserts it acted reasonably and in compliance with the law at all times relevant hereto.

25. The District affirmatively pleads as a defense the applicable statute of limitations.

26. The District affirmatively states that Plaintiff's claims are barred for failure to comply with the requirements of the Civil Rights Act of 1964 and 42 U.S.C. § 1983 and 2000 (e).

27. Plaintiff's action or inactions preclude assertion of Plaintiff's present claims. The District affirmatively states that this action is frivolous, unreasonable, and groundless, and accordingly, is entitled to reasonable attorney's fees and other costs associated with the defense of this action.

28. The District asserts that it maintains and enforces a policy prohibiting discrimination including, without limitation, a method of raising complaints of discrimination and of remediating such complaints in compliance with applicable law, and that Plaintiff unreasonably failed to use such policy and procedures.

29. To the extent Plaintiff complains of acts or omissions occurring more than 180 days prior to the proper and timely filing of an EEOC or other administrative charge, this court lacks

jurisdiction of such claims.

30. The District affirmatively pleads the affirmative defense of laches.

31. The District affirmatively states that Plaintiff's claims and the remedies sought are barred by the doctrine of unclean hands.

32. The District affirmatively states that Plaintiff is estopped from alleging in her action any matters that were not properly alleged in a charge of discrimination timely filed with the EEOC.

33. To the extent Plaintiff failed to file the complaint within ninety (90) days of her receipt of a Notice of Right to Sue, Plaintiff's claims are barred by the applicable statute of limitations.

34. The District affirmatively states that Plaintiff and the remedies sought are barred by the principle of estoppel.

35. The District affirmatively states that any alleged violations of law attributed to any employee of the Pulaski County Special School District were committed, if at all, outside the scope of that employee's employment with the District.

36. The District affirmatively states that it did not authorize any unlawful acts of which Plaintiff complains.

37. The District affirmatively pleads as defenses the applicable statute of limitations and the Statute of Frauds.

38. The District affirmatively pleads as a defense the qualified privilege doctrine.

39. The District affirmatively states that Plaintiff's action is barred by her failure to initiate and exhaust applicable internal complaint procedures and remedies.

40. The District affirmatively states that Plaintiff's claims and requested relief are barred by her unreasonable failure to take advantage of available preventative or corrective opportunities or to avoid harm otherwise.

41. The District affirmatively states that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

42. All claims asserted in the Complaint are barred because the District did not engage in any unlawful conduct, and no act or omission of the District caused the Plaintiff any injury, including the injury alleged in the Complaint.

43. The Complaint fails to allege a basis for the relief claimed, including without limitation, any claims for statutory damages and attorneys' fees.

WHEREFORE, Pulaski County Special School District, prays that Plaintiff's Complaint be dismissed and that she take nothing thereby; for Defendant's attorney's fees and costs incurred herein; and for all other appropriate relief to which Defendant may be entitled.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By: /s/ W. Cody Kees
    Jay Bequette, #87012
    W. Cody Kees, #2012118

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I, Cody Kees, do hereby certify that a true and correct copy of the foregoing was sent via U.S. Mail, postage prepaid, to the following on this 2nd day of July, 2018:

John W. Walker
Shawn G. Childs
JOHN W. WALKER PA
1723 Broadway
Little Rock, AR 72206
johnwalkeratty@aol.com

By: */s/ W. Cody Kees*
    W. Cody Kees