IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CYNTHIA D'ABADIE                                                                PLAINTIFF

V.                                       4:18CV00356 JM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT                                                                 DEFENDANT

## ORDER

Pending is the motion for summary judgment filed by Pulaski County Special School District (the District). The motion has been fully briefed by both parties.[1]

Plaintiff Cynthia D'Abadie, a Caucasian female, is an employee of the District. She is currently serving as the Energy Manager System Scheduler in the Plant Planning Department. She previously served as the Energy Manager for the District in the same department, performing essentially the same duties, until the position was eliminated at the end of the 2016-2017 school year. One of the main responsibilities associated with both positions is to regulate and set the air temperature at all District locations. Plaintiff and her co-worker, Danny Bryan, performed the same duties.

Plaintiff contends that her position as Energy Manager for the District was eliminated, she was terminated, and rehired to the Energy Manager System Scheduler position in retaliation for her complaints about racial discrimination by employees and supervisors in her department.[2] The record shows that Plaintiff complained multiple times

---

[1] Plaintiff filed a Statement of Undisputed Facts. (ECF No. 18). The Rules of Civil Procedure do not authorize this pleading. The Court allowed the Defendant to respond to the pleading. In the future, Plaintiff's counsel should seek leave of Court to file a separate Statement of Undisputed Facts.
[2] In the pleadings, Plaintiff refers to a claim for hostile work environment based upon gender. There is no claim for hostile work environment or for gender discrimination plead in the Complaint. In addition, there is no evidence to support these claims. The only claim included in the Complaint and in the Charge of

to her direct supervisor Jeff Lynch, District CEO Paul Brewer, and District Executive Director of Operations Derek Scott from June 2016 until April 2017.

Specifically, Plaintiff complained to Jeff Lynch that Danny Bryan, her co-worker, made racist remarks in the office. (ECF No. 16-2 at p.2). Plaintiff complained that Bryan had changed the temperature set point at Sylvan Hills Elementary to an uncomfortable temperature because a predominately African American group of students was attending a program there. *Id.* On another occasion, Plaintiff complained that Bryan had changed the temperature set point at Bates Elementary School to make the African American principal there uncomfortable.

Plaintiff made complaints to Lynch that she felt she was working in a hostile environment. When no action was taken by Lynch, she met with Paul Brewer regarding her complaints and told him the details of the discriminatory behavior she had witnessed. A month later, Brewer met with Lynch, the former Plant Planning Director Jerry Holder and Bryan. Bryan admitted that he had made racist remarks and apologized. Bryan told them that Derek Scott directed him to change the set point at Sylvan Hills Elementary in order to "'mess with that black bitch. . . ." (ECF No. 16-5 at p.2). Bryan told them that Jeff Lynch directed him to make the change at Bates Elementary "in order to discomfort Dr. Darnell Bell, the African American school principal." (ECF No. 16-5 at p. 2). Bryan contends that he was not given a written reprimand after this meeting. In fact, Bryan alleges that on his way out of the meeting Brewer smiled and told him to "be careful what you say around women in the workplace, especially pretty blondes." (ECF No. 16-5 at p. 3). Plaintiff was told by Jeff Lynch that her complaints had gone to the top and that the

---

Discrimination filed with the EEOC is retaliation based upon Plaintiff's complaints of race discrimination of others.

behavior would not happen again. Bryan later apologized to Plaintiff and admitted that he had been given orders by Scott and Lynch to make the changes, but it would not happen again.

In January 2017, an African American teacher at College Station Elementary School requested that the temperature in her classroom be elevated due to a serious health problem. Plaintiff notified her department and raised the heat set point in the teacher's room from the standard setting of 70 degrees to 72 degrees to accommodate the request. Later, Plaintiff learned that the heat set point at College Station was readjusted. The temperature was changed, not to the standard setting of 70 but to 68 degrees, making the school colder than most facilities in the District. Plaintiff reported the problem to Derek Scott by email on March 3, 2017. In the email, Plaintiff commented that there were no changes to heat set points at any other District facility and that this change could have the appearance of a racial bias. (ECF No. 16-16).

During this time, Jeff Lynch recommended a reduction in force of Plant Planning staff to Derek Scott. In his memo, Scott stated the loss of desegregation money justified a restructuring of the department. He included one document titled Energy Management System Scheduler as an attachment. On April 17, 2017, Brewer delivered a letter to Plaintiff stating that her job was being eliminated and her employment would be terminated. On month later, Plaintiff was rehired in the position of Energy Management System Scheduler with a decrease in salary schedule from a level 23 to a level 15.

II. Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*,

813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

III.    Analysis of the Law

In order the survive summary judgment in a Title VII retaliation case, an employee must first establish a prima facie case of retaliation by showing the following: (1) she engaged in statutorily protected activity; (2) the employer took an adverse action against her; and (3) a connection between the two occurrences. *Bakhtiari v. Lutz*, 507 F.3d 1132, 1137 (8th Cir. 2007). "'Protected activity' in this context includes opposition to employment practices prohibited under Title VII; however, a plaintiff employee need not establish that the conduct he opposed was in fact prohibited under Title VII; rather he need only demonstrate that he had a 'good faith, reasonable belief that the underlying challenged conduct violated [Title VII].'" *Id.* (citing *Buettner v. Arch Coal Sales Co.*, 216 F.3d 707, 714 (8th Cir.2000)).

The District contends that Plaintiff cannot establish a prima facie case of retaliation because she did not engage in protected conduct and there is no causal connection between any activity and her termination. The Court finds that Plaintiff engaged in protected activity when she complained about Danny Bryan's racist remarks and the discriminatory way District buildings were heated and cooled. *See Bennett v. Riceland Foods, Inc.*, 2012 WL 481827 (E.D. Ark. 2012). Plaintiffs' complaints were ongoing through March 2017. It was only a matter of weeks between the protected activity and the date on which Plaintiff was advised that her job was being eliminated. She made the complaints to Jeff Lynch, Paul Brewer, and Derek Scott on at least three occasions between June 2016 and March 2017. Brewer stated in his deposition that he discussed Plaintiff's complaints with Superintendent Guess. Mr. Scott, with input from Lynch and Brewer, recommended the elimination of Plaintiff's job to Dr. Guess. All

these men were aware of Plaintiff's complaints regarding race. The Court finds that the Plaintiff has presented sufficient evidence of a causal link between her complaints and her job elimination to preclude summary judgment.

Further, the Court finds Plaintiffs' evidence sufficient to create a genuine issue of material fact on the issue of pretext.

> An employee may demonstrate pretext by two different methods. He may show pretext by persuading the Court that retaliatory animus more likely motivated his employer. Or he may show that the employer's explanation is unworthy of credence because it has no basis in fact. Either route amounts to showing that a prohibited reason, rather than the employer's stated reason, actually motivated the termination.

*Rooney v. Rock-Tenn Converting Co.*, 878 F.3d 1111, 1117 (8th Cir. 2018) (internal citations omitted). Plaintiff and Danny Bryan, the only two employees in their department to be terminated, were re-hired within a month to perform the same "vital" duties at a significantly lower salary. While the District contends that the restructuring was necessary to save money and tighten the budget, it retained Jerry Holder after his retirement at a significant salary and with no identified job description. In addition, there is troubling evidence that the individuals in Plaintiff's chain of command participated in the discriminatory conduct that was the subject of Plaintiff's complaints.

The District argues that Dr. Guess, the Superintendent of the District at the time, was the only person capable of recommending Plaintiff's termination to the School Board and that Dr. Guess had no knowledge of Plaintiff's complaints. "[A]n employer may be vicariously liable for an adverse employment action if one of its agents—other than the ultimate decision maker—is motivated by discriminatory animus and intentionally and proximately causes the action." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 767 F.3d 744, 750 (8th Cir. 2014) (quoting *Bennett v. Riceland Foods, Inc*, 721 F.3d 546,

551 (8th Cir. 2013)). Plaintiff has presented evidence that Dr. Guess was aware of her complaints and that department supervisors were responsible for recommending to Guess what cuts should be made in their department.

Considering the evidence in the light most favorable to the Plaintiff, the Court finds that genuine issues of material fact preclude the entry of summary judgment. Accordingly, Defendant's motion for summary judgment (ECF No. 9) is DENIED.

IT IS SO ORDERED this 21st day of August, 2019.

_____
James M. Moody Jr.
United States District Judge