**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**CYNTHIA D'ABADIE**                                                         **PLAINTIFF**

**v.**                           **Case No. 4:18-cv-00356-JM**

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**                   **DEFENDANT**

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

Comes now Defendant, Pulaski County Special School District ("District"), by and through its attorneys, Bequette, Billingsley & Kees, P.A., and for its Brief in Support of Motion in Limine, states:

The District anticipates Plaintiff will attempt to elicit testimony from witnesses and/or introduce exhibits relating to numerous irrelevant, highly prejudicial matters which should be excluded pursuant to the Federal Rules of Evidence.

All relevant evidence is admissible, except as otherwise provided by statute or by these rules or by other rules applicable in the courts of this state. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. In the event the court determines that the evidence complained of herein is relevant, then the evidence should be excluded on the basis of Fed. R. Evid. 403, which provides, in part, that evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

For the reasons set forth herein, the following documents and issues should be excluded from evidence at the trial of this case, and the District requests the Court to instruct Plaintiff's

counsel to refrain from inquiring of any witness as to the following matters and to refrain from making these statements in *voir dire*, and opening and closing statements.

1. **Witnesses' Reasons for Leaving PCSSD.**  Several of the witnesses at trial were employees of the District during the events at issue, but have since left the District for new employment or retirement.   The reason for the witnesses' decision to leave their employment with the Pulaski County Special School District is not relevant to the issues of this case, and such testimony, if elicited by Plaintiff, would only be for the sake of suggesting the District has a high turnover rate, has a difficult time retaining qualified employees, or to otherwise suggest the District is not a favorable place to work.   This testimony has no relevance to the issues of the case, but would only seek to prejudice the jury.

Accordingly, Plaintiff should be allowed to ask any witness their current employment, but should not ask why they chose to leave the Pulaski County Special School District or otherwise elicit testimony which would cause the witness to explain their decision for leaving employment with the Pulaski County Special School District.   Plaintiff should be instructed not to enter into this line of questioning.   *See* Fed. R. Evid. 401, 402, and 403.

2. **Plaintiff's Hearsay Declaration.**  Plaintiff attached a signed Declaration by Danny Bryan to her Response to Motion for Summary Judgment.   This Declaration is not only hearsay, as it is an out of court statement used to prove the truth of the matters asserted, but it also contained hearsay statements from individuals referenced in the Declaration.   Essentially, the Declaration is hearsay upon hearsay.   Such hearsay evidence is inadmissible and the Declaration should not be admitted at trial and the contents not referenced by any witness.   *See* Fed. R. Evid. 801.

3. **Settlement Discussions.**  Whether the Plaintiff and Defendant have engaged in settlement discussions is irrelevant and should not be admitted.  Such discussions are inadmissible pursuant to Fed. R. Evid. 408, which provides that the occurrence of settlement discussions or settlement is not admissible.

4. **Pulaski County Special School District's Pending Litigation.**  Whether there is past or currently pending claims or lawsuits against the District, including similar claims against the District, are of no relevance to the issues before this Court.  This is not a class action and Plaintiff has made no claims as to comparators or similarly situated individuals.  Plaintiff should not be allowed to reference the District's involvement in the long-running desegregation case. Accordingly, Plaintiff should not be allowed to elicit any testimony as to any past, present or ongoing litigation in which the District is involved.  Such matters should be excluded from the evidence at trial pursuant to Fed. R. Evid. 402 and 403.

5. **Pulaski County Special School District's Climate and/or Culture.**  Plaintiff's counsel has been involved in litigation against the District, including the long-running desegregation case, for decades.  Admittedly, Plaintiff's counsel is well versed in management of the District, and is very knowledgeable in its employment practices.  Plaintiff's counsel's knowledge of the District and past discriminatory practices, whether alleged or proven, are not relevant to this case, and would only serve to prejudice a jury.  Plaintiff's counsel should be admonished from making global statements that the District has a history of alleged discriminatory practices or other insinuations that would lead a jury to believe the District has had any previous litigation or discriminatory practice outside of the specific facts at issue in this litigation,

specifically regarding Plaintiff. Such matters should be excluded from the evidence at trial pursuant to Fed. R. Evid. 402 and 403.

6. **Gender Discrimination.** Plaintiff has not raised gender discrimination claims in her Complaint, and this Court specifically noted in its Order on Motion for Summary Judgment that Plaintiff did not timely raise a claim for retaliation or discrimination based on her gender. *See* Order, ECF Doc. No. 31. Accordingly, Plaintiff should be admonished from making any references to the jury, whether in *voir dire*, opening statements, or during questioning of witnesses, that Plaintiff's gender in any way impacted or contributed to the alleged adverse employment action at issue in this litigation. Such matters should be excluded from the evidence at trial pursuant to Fed. R. Evid. 402 and 403.

7. **Miscellaneous Issues.** The District will request the Court to instruct Plaintiff's counsel to refrain from inquiring of any witness as to the following matters and to refrain from making these statements in *voir dire*, and opening and closing statements.

(a) that the District has settled prior employment-related claims;

(b) that juries in this state or around the nation have awarded damages to Plaintiff in employment cases, and referencing the amount of those awards;

(c) that any recovery made by the Plaintiff in this case would be shared with her attorneys or that Plaintiff has been required to incur expenses to bring this action;

(d) the size or wealth of the District and telling the jury that it should "do unto others as you would have them do unto you" or should apply "Golden Rule" telling the jury that it should attempt to "send the District a message" or any other such language which is calculated to have

the jury assess damages based upon emotional response and not upon the evidence and the Court's instructions;

    (e)    referring to any objections to interrogatories or other discovery made by the District;

    (f)    Plaintiff should be prohibited from exhibiting for the jury or offering into evidence for the jury any reports and/or photographs and/or exhibits which were not responsive and forwarded to the District on a timely basis in response to the District's written discovery responses or pursuant to the orders of this Court;

    (g)    Plaintiff be prohibited from introducing hearsay statements through Plaintiff or her witnesses.

All of the above items are not relevant to the issues of this claim or would otherwise only seek to impassion the emotions of the jury, having them rely upon their emotional response and not the evidence and Court's instructions. Furthermore, to the extent any of the aforementioned items are relevant, the risk of undue prejudice to the District greatly outweighs any potential relevance. *See* Fed. R. Evid. 401, 402 and 403.

    Respectfully submitted,

    BEQUETTE, BILLINGSLEY & KEES, P.A.
    425 West Capitol Avenue, Suite 3200
    Little Rock, AR 72201-3469
    Phone: (501) 374-1107
    Fax: (501) 374-5092
    Email: jbequette@bbpalaw.com
    Email: ckees@bbpalaw.com

    By:     **W. Cody Kees**
        Jay Bequette, Ark. Bar #87012
        W. Cody Kees, Ark. Bar #2012118