IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CYNTHIA D'ABADIE                                      PLAINTIFF

v.                      Case No. 4:18-cv-00356-JM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT                                             DEFENDANT

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

For the Court's convenience, plaintiff will address the seven submitted requests seriatim.

a) <u>Witnesses Reasons for leaving the PCSSD</u>. The request to limit such possible testimony is premature. If evidence of employee departure is submitted, its relevance can be argued at the time. Plaintiff cannot speculate regarding testimony not submitted.

b) <u>Plaintiff Hearsay Declaration</u>. The defendant opposes affidavit testimony of Danny Bryan as hearsay. Bryan will be a witness. The affidavit may be used by the defendant to impeach him. Thus, a ruling on hearsay before it is submitted is premature.

c) <u>Settlement Discussions.</u> Plaintiff does not object to exclusion of settlement discussions between plaintiff and defendant by both parties.

d) <u>Pulaski County Special School District Pending Litigation</u>. The Court may address this issue if it is raised. The Court should be aware, however, that the District was under obligations at the time which prohibited racial discrimination with respect to staff.

e) <u>Pulaski County Climate and/or Culture</u>. The defendant requests the Court to

1

admonish plaintiff's counsel from making use of the district's history of racial discrimination in his questioning of witnesses. The defendant may timely object when appropriate and renew its Motion in Limine. We submit that there should be no prior restraint on plaintiff counsel's questions.

  f) <u>Gender Discrimination</u>. Plaintiff has not presented a claim based upon prohibited gender discrimination. For the Court's reference, testimony from a witness will be that the decision maker admonished a discriminating witness to "to be careful what you say around pretty blondes." The objection to defendant's decision maker for this statement is a matter of fact and it goes to the issue of intent. Raising it now is premature.

 g) <u>Miscellaneous Issues.</u>  Plaintiff objects to certain requested limitations. Plaintiff does not object, however, to (a), (b), and (c) as long as the exclusion applies to both parties.

  With respect to (d), the wealth of the district is an issue in part because the district's wealth or lack of it constitutes the district's proffered reason for reducing plaintiff's pay and grade status.

  With respect to (e) and (f), timely objections can be made in the event defendant believes that plaintiff's counsel is misusing discovery.

  With respect to the introduction of hearsay statements, this is a frivolous objection. It is fundamental law for both parties that hearsay testimony is inadmissible except when there is an exception provided by the Rules. This objection is premature as well.

4) The "catch -all" conclusion seeks an admonition by the Court to plaintiff that counsel not "impassion the emotions of the jury".  The Court will provide appropriate instructions at the appropriate time.  But there is no federal rule which limits the passion of either counsel in closing argument.

In conclusion, Defendant's Motion in Limine, except for certain grounds, should be denied.

        Respectfully submitted,

          Shawn Childs
        Shawn Childs, AR 99058
        Lawrence A. Walker, AR  201204
        John W. Walker, P.A.
        1723 Broadway
        Little Rock, AR 72206
        501-374-3758
        501-374-4187
        schilds@gabrielmail.com
        lwalker@jwwlawfirm.com