**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CYNTHIA D'ABADIE**                                                              **PLAINTIFF**

v.                              Case No. 4:18-cv-00356-JM

**PULASKI COUNTY SPECIAL**
**SCHOOL DISTRICT**                                                               **DEFENDANT**

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION IN LIMINE**

Evidence is relevant when it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Fed. R. Evid. 401*. Rule 402 of the Federal Rules of Evidence requires that evidence be relevant in order to be admissible. According to Fed. R. Evid. 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The Court should not make blanket exclusions of references to, as Defendant describes them, "current events highlighting ongoing social injustices in America" and "social justice movements such as Black Lives Matter." The terms "social justice movement" and "social justice organizations" are not defined by Defendant. Indeed, the only example listed is Black Lives Matter. The Civil Rights Movement of the 1950's and 1960's may be considered a "social justice movement" while the National Association for the Advancement of Colored People (NAACP) may fit the definition of a "social justice organization." Should there be a blanket exclusion of any reference to them at trial?

The best course is for the Court to not make any blanket exclusions of such references at trial and to address them at a bench conference by applying Fed. R. Evid. 401-403.  However, Plaintiff does agree with Defendant that these references may be appropriate during voir dire.

In conclusion, the Court should deny Defendant's Second Motion in Limine.

             Respectfully submitted,

              Shawn Childs
             Shawn Childs, AR 99058
             Lawrence A. Walker, AR  201204
             John W. Walker, P.A.
             1723 Broadway
             Little Rock, AR 72206
             501-374-3758
             501-374-4187
             schilds@gabrielmail.com
             lwalker@jwwlawfirm.com